

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:05cr11-02

MICHAEL WALLACE RICE


## MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se*
Motion for compassionate release Pursuant to 18 U.S.C. §
3582(c)(1)(a)(i) (ECF No. 226) ("*Pro Se* Motion"), the SUPPLEMENTAL
MOTION TO ECF NO. 226 FOR COMPASSIONATE RELEASE PURSUANT TO SECTION
603(b) OF FIRST STEP ACT (ECF No. 234) ("Counsel Motion"), the
United States' Response in Opposition to Defendant's Motion for
Compassionate Release (ECF No. 239), the REPLY TO GOVERNMENT'S
RESPONSE TO MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C.
§ 3582(c)(1)(A) (ECF No. 240), and the SURREPLY TO GOVERNMENT'S
RESPONSE TO MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C.
§ 3582(c)(1)(A) (ECF No. 243). Also, the Court has considered the
Presentence Report (ECF No. 230); the letter from Rice to the Court
(ECF No. 246); a letter from Angelique Goode (ECF No. 244); and a
letter from Dorothy Marie Rice (ECF No. 245), the defendant's
mother. Because the briefing makes some reference to the previous
motion made by Rice seeking compassionate release, the Court has

reviewed its MEMORANDUM ORDER deciding that motion (ECF No. 220) and the pleadings therein referred to (ECF Nos. 196, 209, 214 and 218).

Having reviewed all of the foregoing, and the Worksheet in Response to Motion for Compassionate Release (ECF No. 235), and an updated Worksheet (ECF No. 248), and for the reasons set forth below, the *Pro Se* Motion for compassionate release Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) (ECF No. 226) and the Counsel Motion (ECF No. 234) will be granted.

## BACKGROUND

In July 2005, Rice was tried by a jury on a charge of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count One), an attempt to possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count Two); distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count Three); and possession of heroin, in violation of 21 U.S.C. § 844 (Count Four). The jury could not return an unanimous verdict on Counts One and Two, and, therefore, a mistrial was declared as to those counts. Rice was acquitted on Count Three and convicted on Count Four. He was retried in September 2005 on Counts One and Two and was

2

convicted of both counts.  For relevant conduct purposes, Rice was held accountable for at least 500 grams but less than two kilograms of cocaine hydrochloride and .48 grams of heroin.

Counts One and Two were combined for guideline purposes. Originally, the statutory term of imprisonment for Counts One and Two was five years (minimum) to forty years.  However, before trial, the Government filed a Notice of Intent to Seek Sentencing Enhancement pursuant to 21 U.S.C. § 851.  That increased the statutory term of imprisonment to ten years (minimum) to life. Before sentencing, the conviction on Count Two was vacated.  The guideline calculation for Count One was 360 months to life.  The statutory punishment for Count Four was a minimum of 90 days and a maximum of three years.  The guideline for Count Four was 36 months to run concurrently with the sentence on Count One.  The defendant qualified for a sentence enhancement under the Career Offender section of the guidelines because of state court convictions in 1988 and 1992 (PSR ¶¶ 23 and 24, ECF No. 230).

At sentencing, the guidelines were calculated as: a base offense level of 26 (based on drug weight: 500 grams to two kilograms of cocaine hydrochloride); an enhancement for the obstruction of justice; and an enhancement for the Career Offender status which produced a total offense level of 37 and a Criminal History Category of VI.  The  guideline range for imprisonment was

3

360 months to life. Rice was sentenced to a term of imprisonment of 360 months (360 months on Count One and 36 months concurrent on Count Four). As of May 9, 2023, he has served a little over 18 years (213 months and 22 days).

If sentenced today, Rice would not be treated as a Career Offender because of the decision of the United States Court of Appeals for the Fourth Circuit in <u>United States v. Norman</u>, 935 F.3d 232, 237-39 (4th Cir. 2019). However, the statutory mandatory minimum would remain at ten years imprisonment with a maximum of life. The base offense level under the guidelines would be 24 and with the obstruction enhancement it would be 26 and the defendant's Criminal History Category would be IV rather than VI as (which was required by the Career Criminal enhancement). The guideline range of imprisonment for Count One would be 120 months and a concurrent 36 months for Count Four (restricted by the statutory minimum).

The record establishes that, while imprisoned, Rice committed disciplinary infractions in 2008, 2012 and 2013, but that there have been no disciplinary actions since then. Further, Rice has participated in over 30 educational classes since 2006. He is currently incarcerated at Petersburg Low FCI and has been in that status since 2021.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under the statute. United States v. White, 378 F. Supp.3d 784, 785 (W.D. Mo. 2019).

In the *Pro Se* Motion (ECF No. 226), Rice recites that he is entitled to release "in light of United States v. Norman and McCoy . . . due to the fact that he is not a career offender." (ECF No. 226, p. 1). Therefore, Rice argues that, if sentenced today, his sentence would be considerably lower because the guidelines would be different. Also, Rice argues that he "suffers from cardiac abnormalities wich [sic] puts him at a higher risk of dying if he were to contract Covid 19." (ECF No. 226, p. 2).

In making the argument for compassionate release, the *Pro Se* Motion also briefly alludes to the factors under 18 U.S.C. § 3553(a). To begin, Rice argues that he is not a danger to the community. Secondly, Rice says that he has "been involved in programming, work and service opportunities." (ECF No. 226, pp. 6-7). Third, Rice argues that he has spotless disciplinary record

5

for a decade and that he has been involved in "many classes, work projects and programs." Id. Finally, he makes reference to an alleged "gross disparity" between the sentence that he received and the sentence that "he would have received after the passage of the First Step Act and the Norman decision." (ECF No. 226, p. 7). And, he makes a brief reference to the sentence of a co-defendant (Shepperson).

The Counsel Motion (ECF No. 234) argues that: "[t]he focus of both Pro Se Motion and this Supplement is that Mr. Rice was sentenced as a career offender on instant offenses which the Fourth Circuit has now rejected as categorically applicable predicates to the career offender enhancement under 18 U.S.C. § 4B1.1." (ECF No. 234, p. 1). Then, in the Counsel Motion, passing reference is made to the sentencing disparities between "Mr. Rice and his two codefendants" and "sentencings received by individuals sentenced under the same guidelines." (ECF No. 234, p. 2). The Counsel Motion also asserts that Rice "was particularly susceptible to suffering more dire repercussions if he is re-infected with COVID-19 due to several underlying health conditions, including heart issues." (ECF No. 234, p. 2). And, finally the Counsel Motion argues that Rice is no longer a danger to the community, and that he has been infraction-free for the last decade of his imprisonment and has been rehabilitated.

The United States opposes Rice's motion for compassionate release for several reasons. To begin, the United States argues that Rice has not satisfied the exhaustion requirement of § 3582(c)(1)(A) by asserting that:

> In filing a second motion for compassionate release, defendant does not invoke any new request for compassionate release that he has made to his warden after this Court denied his earlier motion for compassionate release, and in addition, his basis for compassionate release now—a claim that he was wrongfully classified as a career offender-is not one that he raised in his previous request to his warden. Consequently, he has failed to exhaust his administrative remedies, and compassionate release cannot be granted.

(ECF No. 239, p. 2) (emphasis added). In his reply (ECF No. 240), Rice demonstrates that, in fact, he did make a separate request in January 2022 which included a request for reduction of his sentence based on the extraordinary and compelling reasons

> that due to recent changes in law and sentencing guidelines caselaw, I am no longer a career offender, US v. McCoy 981 F.3d 271 (4th Cir. 2020) [sic]. I have been infraction free for nearly a decade, have participated and completed many programs and have an excellent work history.
>
> In addition, I have cardiac troubles that the new Covid 19 variant could cause to worsen or even kill me.

(ECF No. 240, p. 3, citing ECF No. 226, Exhibit A) (emphasis added).   On this record, the exhaustion requirement has been satisfied.

Then, the response of the United States also takes the position that Rice "fails to offer an extraordinary and compelling reasons for compassionate release and does not offer any material change to the considerations under § 3553(a) that led this Court to deny compassionate release in his prior motion."  On that score the United States makes several arguments.

First, in response to Rice's claim that, under United States v. Norman, 935 F.3d 242 (4th Cir. 2019), his conviction for conspiracy to distribute at least 500 grams but not more than two kilograms of cocaine powder would not be deemed a controlled substance offense, the United States asserts that (while that is true) Rice's "prior Virginia cocaine offenses do qualify as controlled substance offenses."  (ECF No. 239, p. 3, citing United States v. Ward, 972 F.3d 364 (4th Cir. 2020)).   Therefore, says the United States, Rice's "claim turn solely on the classification of his current § 846 cocaine conspiracy conviction."  It is not at all clear what that argument means.

Second, the United States recognizes Norman but argues that several aspects of Norman should lead the Court: (1) to decline to treat Norman as providing extraordinary and compelling reasons for

compassionate release in this case; and (2) to refuse to alter the Court's balancing of the § 3553(a) factors that lead to denial of Rice's first compassionate release motion (ORDER, ECF No. 220).

To support the view that Norman should not be a basis for a finding of extraordinary and compelling circumstances, the United States asserts that the Sentencing Commission now has quorum and can be expected to resolve the current split that exists as to the holding in Norman and the rejection thereof by the Second Circuit in United States v. Tabb, 949 F.3d 81 (2nd Cir. 2020) and United States v. Rodriquez-Rivera, 989 F.3d 183 (1st Cir.). (ECF No. 239, pp. 3-4). That may be true, but it is of no moment here because the controlling law in this circuit is United States v. Norman and United States v. McCoy.

Next, the United States argues that a decision like Norman does not create an extraordinary and compelling reason for compassionate release citing the decision of several courts (ECF No. 239, pp. 5-6). Whatever may be the legitimacy of those decisions from other courts relied on by the United States (from the Seventh Circuit and the Sixth Circuit), the law in this circuit is otherwise, and this Court is obligated to follow that authority.

In a somewhat related argument, the United States contends that § 3582(c)(1)(A) does not override 28 U.S.C. § 2255. That is true, but the argument is not relevant here because neither the

*Pro Se* Motion nor the Counsel Motion seek to vacate or set aside a judgment or to modify it for reasons that fall within the scope of 28 U.S.C. § 2555.

Yet another reason that the United States argues is that Norman does not create an extraordinary and compelling circumstance because an error in guideline calculation cannot constitute as an extraordinary and compelling reason for compassionate release.  In essence, the Government asserts that the career offender classification change is not cognizable under § 3582(c)(1)(A).  The Government's position ignores the decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).  In McCoy, the Fourth Circuit found extraordinary and compelling reasons for compassionate release in the fact that the stacking provisions of § 924(c) had been changed and that, as a result, McCoy would be subject to a substantially disparate sentence if sentenced at the time his compassionate release was pending as opposed to the date of his original sentencing because of that change in the stacking law.  In so doing, the Fourth Circuit also approved consideration of the "incredible length" of the sentence and the disparity and the defendant's age at the time of the offense of conviction as well as the defendant's lack of relevant criminal history and the defendant's rehabilitation through many

10

educational and vocational achievements.  Thus, McCoy necessitates rejection of the Government's position on that issue.

Then, turning to the § 3553(a) factors, the United States argues that Rice should not receive compassionate release because he is a danger to the community and because he has "reoffended repeatedly in committing drug trafficking offenses while under supervision."  Therefore, the United States says that the § 3553 factors do not warrant reduction even if extraordinary and compelling circumstances are found to exist by virtue of the fact that Rice does not qualify for career offender status by virtue of the decision in United States v. Norman.[1]

That brings the § 3553(a) analysis to the simple fact that the offenses committed by Rice were serious (the nature and seriousness of the offense).  He was held accountable for more than 500 grams but less than two kilograms of cocaine hydrochloride.  And there was no contest on that issue.  Further, the record is that Rice is an undeterred drug dealer.  He was convicted in 1988 of possession of cocaine with intent to

---

[1] Rice also argues that the attempt also under 21 U.S.C. § 846 does not qualify as a controlled substance offense because of the decision in United States v. Campbell, 22 F.4th 438 (4th Cir. 2022).  It is difficult to determine why Rice makes that argument because the Court vacated the conviction for Count Two before sentencing.  And, indeed, Rice was not sentenced on Count Two at all.  The United States makes essentially the same observation.

distribute.    He  was  sentenced  to  a  period  of  twenty  years
imprisonment with fifteen years suspended.   Having failed to learn
from  the  leniency  of  that  sentence,  in  1992,  Rice  was  again
convicted of possession with intent to distribute cocaine and was
sentenced  to  fifteen  years  in  prison.    He  was  released  to
discretionary parole on September 12, 2002 on that offense with an
expiration date for the parole of August 16, 2023.   Then, he was
active parole supervision at the time he committed the offenses of
conviction in this case.   Thus, the offenses of conviction were
quite  serious  and  the  defendant's  criminal  history  bespeaks  an
individual who has responded to previous leniency (under the state
parole  system)  by  immediately  resuming  a  career  of  drug  dealing
when released from prison.

However, the record here also includes the fact that Rice has
shown  good  behavior  in  prison  and  very  strong  post-conviction
rehabilitation.   The  record  also  shows  that  the  Bureau  of  Prisons
("BOP"),  mindful  of  Rice's  record,  does  not  consider  him  to  be
dangerous because he has been confined in the lowest security risk
category  for  a  long  time  and  has  committed  no  punishable
infractions of BOP rules while in that status.   That information,
when  considered  with  the  record  of  rehabilitation,  permits  a
finding  that  Rice  is  not  to  be  considered  a  danger  to  the
community.

That brings the analysis to Rice's arguments that compassionate release is appropriate because: (1) the risks presented to him by COVID-19 present an extraordinary and compelling reason for release; and (2) the application of the (no longer effective) Career Offender Enhancement produced an unwarrantedly lengthy sentence.

**A.    COVID-19**

The *Pro Se* Motion (ECF No. 226) mentions Rice's health condition and vaguely alludes to the risk of COVID-19 presented thereby.  But, the *Pro Se* Motion goes no further.  The Counsel Motion advises that it "does not rest on his [Rice's] medical condition but rather the other factors. . . ."  (ECF No. 234, p. 18).  And, in any event, there is no evidence to support release under a COVID-19/health theory.

**B.    The Removal of the Career Offender Enhancement**

Removal of the Career Offender Enhancement effects a change in offense level and criminal history category.  The net effect is to change the guideline sentencing range from 360 months to life to 120 months (120 months on Count One and 36 months on Court Four (concurrent)).  However, the statutory imprisonment range remains ten years to life so the original 360 month sentence is within the statutory range.  Nonetheless, Rice's original sentence with the Career Offender Enhancement is much greater than that of his co-

conspirators (Salinas: 97 months with 18 months credit; Shepperson: 43 months). And, he has served more than the maximum sentence called for by today's guideline (with the Career Offender Enhancement removed).

Further, Rice has used his time in prison productively. He has educated himself and taken courses to help him adjust to society when he re-enters it.

Consideration of the whole record leads to the conclusion that the sentence that Rice has served will operate to achieve protection of the public, promote respect for the law, and deterrence, particularly when the eight year period of supervised release is taken into account. Thus, the § 3553(a) factors augur in favor of granting the motion.

### CONCLUSION

For the foregoing reasons, the defendant's *pro se* Motion for compassionate release Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) (ECF No. 226) and the SUPPLEMENTAL MOTION TO ECF NO. 226 FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF FIRST STEP ACT

14

(ECF No. 234) will be granted and Rice's sentence on Counts One and Four will be reduced to time served as of June 30, 2023.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 12, 2023

15